## PROSECUTION FOR KEEPING SALOON OPEN ON SUNDAY.

Court of Appeals for Hamilton County.

HENRY KREIMER v. STATE OF OHIO.

Decided, December 6, 1915.

*Criminal Law—Jurisdiction in a Prosecution for Keeping Saloon Open on Sunday—Not Lost by Failure to Determine Whether it Was the First Offense, When—Section 13050.*

Failure of the record to show, in a prosecution for keeping open on Sunday a place in which intoxicating liquors are sold on other days of the week, that the offense charged was the defendant's first offense, does not require a reversal of the judgment of conviction, where the affidavit and judgment show it was his first offense, and there is no transcript of the evidence to show that anything to the contrary appeared during the trial.

*John A. Deasy,* for plaintiff in error.
*E. S. Morrissey,* contra.

GORMAN, J.

Plaintiff in error, Henry Kreimer, was charged in an affidavit filed in the Municipal Court of Cincinnati on August 30, 1915, with having knowingly and unlawfully allowed to remain open on the first day of the week commonly called Sunday a certain room in which intoxicating liquors were sold on other days of the week than on Sunday, contrary to the form of statute in such case made and provided.

This was a case involving a violation of Section 13050, General Code, which prohibits places being open on Sunday which are on other days of the week used for the sale of intoxicating liquors.

Upon this affidavit a warrant was issued, and Kreimer was apprehended and appeared in the municipal court on August 30. He asked and obtained a continuance of his case until September 15, 1915.  On that day the following entry was made:

"This cause coming on for hearing upon the affidavit and warrant filed herein, defendant being in court and arraigned, pleaded not guilty and court hearing the testimony find said defendant guilty and do order said defendant to pay $25 and costs, but upon further consideration court do order $15 of said fine to be suspended."

Section 13050, General Code, among other things also provides for a second offense, for keeping open a place on Sunday where liquors are sold on other days of the week, and that the party convicted shall be fined or imprisoned.  Therefore, it appears that if the case were a second offense against Kreimer he would be entitled to a jury trial; and unless the record shows that he waived a jury trial, it would be error to proceed to try him without the intervention of a jury.

The record in this case consists only of the affidavit, the warrant, the entry of continuance and the judgment entry above set out.  There is no bill of exceptions, and we have no knowledge of what evidence was adduced on the trial before the municipal court.

Kreimer prosecuted error to the common pleas court, which affirmed the municipal court, and he is now in this court claiming error on the part of the municipal court and the common pleas court, and asking for a reversal of both judgments.  He claims that, under Section 54 of the Greenlund act (103 O. L., 239):

"At all trials for offenses under laws or ordinances regulating the sales or traffic in intoxicating liquors the court shall * * * before the trial take testimony to determine whether or not the defendant is a licensee * * * and if it appears that such defendant is a licensee whether such licensee has in fact been convicted of a previous offense under said laws or ordinances; and if the fact be that said licensee has suffered a previous conviction under any of said laws or ordinances, or that a conviction in the case pending will work a revocation of

a liquor license granted in this state, the said licensee   *   *   *
shall be entitled to a trial by jury.''

Now it is contended by counsel for Kreimer, plaintiff in error,
that the record fails to show—as it does—that an examination
was made by the judge of the municipal court in Kreimer's
case to determine whether or not he had suffered a previous con-
viction for a violation of the liquor laws, and that by reason
of the failure of the record to disclose such an examination the
municipal court had no jurisdiction to hear and determine the
case and impose the penalty upon Kreimer.

There is no presumption of error in the trial of a case, and
in order to warrant a reviewing court in reversing a case for
error the error must be apparent in the record and prejudicial
to the party complaining. The record in this case discloses that
Kreimer's was a first offense. The affidavit shows it to be a first
offense, and the judgment and finding also disclose the case to
be a first offense. We have no record of what transpired before
the judge of the municipal court as to the examination of
Kreimer before the trial, nor of the testimony that was taken
on the trial. For all that appears in the record the judge of
the municipal court may have examined Kreimer and other
witnesses before the trial and found that the charge made
against Kreimer was a first offense. We can not assume that it
was the second offense, especially in the face of the record which
discloses it to be a first offense.

Judgments of a court are presumed to be regular and valid
until they are shown to be irregular or invalid. The municipal
court had jurisdiction to try Kreimer, in case it was a first of-
fense, assuming that he was a licensee; but where the record
fails to show that he was a licensee, as it does in this case, and
where it fails to show that the court omitted to take testimony
as to whether or not it was a first offense, no error appears af-
firmatively in the record that would warrant a reversal of the
case.

If the plaintiff in error desired to protect himself in case
the offense charged was a second one, it was incumbent upon
him to have the record in the municipal court brought into this

court so that we might be apprised of the proceedings in that court; and if that record should disclose that it was a second offense and the court proceeded to try him, as it did, without the intervention of a jury, then manifestly the judgment would be erroneous and would call for a reversal.

The record therefore fails to show any error prejudicial to the plaintiff in error which would warrant a reversal of the judgment.

Some question was made in the argument of the case as to whether or not the defendant had paid his fine and costs, and it was suggested that the case before this court was only a moot case because of the fact that plaintiff in error could not complain inasmuch as the judgment of· the trial court had been satisfied by the payment of the fine and costs.   It is sufficient to say that the record fails to show that the fine was paid by Kreimer and therefore the question is not presented as to whether or not a person who has been convicted of a misdemeanor and has paid his fine, may prosecute error to reverse the judgment.

The judgments of the municipal court and of the common pleas court are affirmed.

JONES (E. H.), J., and JONES (Oliver B.), J., concur.